No. 2892.—STATE OF LOUISIANA, ex rel. ANN R. PARKS, *v.* JUDGE OF SEVENTH JUDICIAL DISTRICT.

Where a judgment of nullity has been rendered at the suit of the creditor against the husband and wife, avoiding the judgment of the wife against the husband, and canceling the sale of real estate by the husband to the wife in payment thereof, the judge *a quo* must fix the amount of the bond for a suspensive appeal, C. P. 577. And in case of refusal, a mandamus will issue, on application of the relator, compelling him to fix the amount of bond and grant a suspensive appeal.

In fixing the amount of the bond for a suspensive appeal, where the title to real estate is involved, and no judgment for money has been given, the judge *a quo* must take into consideration the estimated value of the revenue to be derived from the use of the property, and such further amount as he may determine, as surety for injury or deterioration which the estate may suffer while in possession of the appellant, and fix the bond in an amount exceeding by one-half such estimate.

APPLICATION for Writ of Mandamus. *Waddell & Barbin,* for relator. *G. Merrick Miller,* Judge of Seventh Judicial District, respondent.

HOWELL, J.   The relator asks for a peremptory mandamus directing the Judge of the Seventh Judicial District for the parish of Avoyelles, to fix the amount of the bond necessary for a suspensive appeal granted her from a judgment in the case of Keller *v.* Parks and Wife, alleging that a bond for costs, or for the revenues and probable deterioration of the real estate involved, is sufficient.   The judge answers that he granted the alternative order for a devolutive appeal upon a bond for one hundred dollars, or a suspensive appeal upon a bond according to law, which, taking the alleged value of the property, would require a bond for $22,500; that there his jurisdiction ceased; that this is not a case in which a standard is not fixed by law, and he is without discretion to fix the amount of the bond, and that the relator did not tender a bond in any amount to cover the revenues and deteriorations.

The material facts are, that the plaintiff, Keller, having a judgment with mortgage against M. Vernon, the husband of the relator, obtained a judgment against both, annulling a judgment in favor of the wife against the husband, and a notarial act of sale of a tract of land by the husband to the wife in satisfaction of said judgment, recognizing the mortgage of plaintiff, Keller, on said land, and ordering it to be seized and sold to satisfy Keller's judgment.   In his petition for nullity Keller alleged that the land is worth $15,000,

The reasons assigned by the judge are insufficient.   There is no judgment against the relator for a sum of money, but one that avoids her title to property, and subjects it to an execution in favor of another. The possession and title to the property are in question, in which case article 577 C. P. applies.   The ground that a bond was not tendered in accordance with said article, can not avail, as the judge considered himself without jurisdiction to change his order after granting it, or to fix the amount.   The offer, by his own showing, would have been a vain one.   He was mistaken as to the fact of jurisdiction, which is not divested until, in this case, at least, the bond was filed.

It is therefore ordered that the mandamus herein be made peremptory, and the Judge of the Seventh Judicial District be ordered to fix the bond for a suspensive appeal allowed herein, in an amount exceeding by one-half the estimated value of the revenue to be derived' pending the suit, from the real estate involved herein, and such further amount as he may determine as surety for any injury or deterioration which may be caused to the said estate by the appellant while in possession.

Mr. Chief Justice Ludeling and Mr. Justice Wyly absent.